Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Jenna'v Rodriquez**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**F-Squared Management, LLC**, an Arizona company; **John Flanders,** an Arizona resident; and **Jeanine Flanders,** an Arizona resident;<br><br>Defendants. | Case No.<br><br><br>**VERIFIED COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

Plaintiff Jenna'v Rodriquez ("**Plaintiff**"), for her Verified Complaint against Defendants; F-Squared Management, LLC (**"F-Squared"**); John Flanders; and Jeanine Flanders (**"Defendants"**), hereby alleges as follows:

**NATURE OF THE CASE**

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); failure to pay Arizona minimum wage in violation of A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**"); and failure

to make timely payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-350 – 23-355 ("**Arizona Wage Statute**" or "**AWS**").

2.     This action is also brought to recover overtime and minimum wage compensation, liquidated or double damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and AMWS.

3.     This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6.     Plaintiff was employed by Defendants in this District.

## PARTIES

7.     At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

8.     Plaintiff was a full-time employee of Defendants from on or around April 13, 2021, until on or around October 7, 2021 ("**all relevant times**").

9.     At all relevant times to the matters alleged herein, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

10.    At all relevant times to the matters alleged herein, Plaintiff was an employee of Defendants as defined by A.R.S. § 23-362(A).

ZOLDAN LAW GROUP, PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

11. At all relevant times, Plaintiff was an employee of Defendant F-Squared as defined by A.R.S. § 23-350(2).

12. Defendant F-Squared is a company authorized to do business in Arizona.

13. At all relevant times to the matters alleged herein, Defendant F-Squared was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

14. At all relevant times to the matters alleged herein, Defendant F-Squared was Plaintiff's employer as defined by A.R.S. § 23-362(B).

15. At all relevant times to the matters alleged herein, Defendant F-Squared was Plaintiff's employer as defined by A.R.S. § 23-350(3).

16. Defendant John Flanders is an Arizona resident.

17. Defendant John Flanders has directly caused events to take place giving rise to this action.

18. Defendant John Flanders is an owner of F-Squared.

19. Defendant John Flanders is an employer of F-Squared.

20. Defendant John Flanders is a member of F-Squared.

21. Defendant John Flanders has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

22. Defendant John Flanders has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

23. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant John Flanders is an employer.

24. Defendant John Flanders supervised and controlled Plaintiff's work

schedules or the conditions of Plaintiff's employment.

25. Defendant John Flanders instructed Plaintiff to pretend like the store was busy while he was on a facetime call with a potential investor.

26. Defendant John Flanders determined the rate and method of Plaintiff's payment of wages.

27. On October 1, 2021, Defendant John Flanders sent an email to employees that payroll was going to be missed and employees would not be paid until the following week.

28. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant John Flanders is subject to individual and personal liability under the FLSA.

29. Defendant Jeanine Flanders is an Arizona resident.

30. Upon reasonable belief, during Plaintiff's employment with Defendants, Defendant Jeanine Flanders and Defendant John Flanders were legally married.

31. Defendant Jeanine Flanders and Defendant John Flanders have caused events to take place giving rise to this action as to which their marital community is fully liable.

32. Under the principle of marital community property, all actions by one individual are imputed on the marital community property.

33. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

34. Defendants, and each of them, are sued in both their individual and corporate capacities.

35. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

36. Plaintiff has a good faith reasonable belief that in her work for F-Squared, she was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

37. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

38. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

39. Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

40. Plaintiff would handle credit card transactions for Defendants.

41. Under the FLSA, Plaintiff is/was a covered employee under individual coverage.

42. Under the FLSA, Plaintiff is/was a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

43. Defendant F-Squared is CBD company.

44. On or around April 13, 2021, Plaintiff Jenna'v Rodriquez commenced employment with Defendants as a CBD consultant.

45. Plaintiff's primary job duties included opening and closing the store, counting money, and assisting customers.

46. Plaintiff was a non-exempt employee.

47. Plaintiff was supposed to be paid $15.00 an hour.

48. Plaintiff estimates that she is owed her final paychecks in the amount of $2,280.

49. Therefore, because she received $0.00 for her last paychecks for hours worked, an FLSA, AMWS, and AWS violation has occurred.

50. Defendants failed to properly compensate Plaintiff for all her overtime and regular hours.

51. Plaintiff worked in excess of 40 hours per week.

52. Plaintiff was not provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours.

53. Defendants were aware that Plaintiff's working hours exceeded 40 hours.

54. Defendants required her to work overtime as a condition of her employment.

55. For example, during the workweek of August 23, 2021, Plaintiff worked approximately 20 hours of overtime and was not compensated time and a half.

56. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due on her next paycheck.

57. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

58. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

**COUNT I**
**(FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)**

59. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

60. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

61. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

62. Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

63. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 206.

64. In addition to the amount of unpaid minimum wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

65. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

66. Defendants knew Plaintiff was not being compensated full minimum wages for time worked.

67. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

68. Defendants have not made a good faith effort to comply with the FLSA.

69. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**(FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)**

70. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

71. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

72. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

73. Defendants have intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

74. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C. § 207.

75. In addition to the amount of unpaid overtime wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

76. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

77. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

78. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

79. Defendants have not made a good faith effort to comply with the FLSA.

80. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT III
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

81. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

82. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

83. Defendants intentionally failed and/or refused to pay Plaintiff full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

84. In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

85. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT IV
### (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE) (AGAINST ENTITY DEFENDANT F-SQUARED ONLY)

86. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

87. At all relevant times, Plaintiff was employed by Defendant F-Squared within the meaning of the Arizona Wage Statute.

88. Defendant F-Squared was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

89. Defendant F-Squared was aware that, under A.R.S. § 23-353, it was obligated to pay all wages due to Plaintiff.

90. Defendant F-Squared failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

91. Defendant F-Squared has willfully failed and refused to timely pay wages due to Plaintiff.

92. As a result of Defendant F-Squared's unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

   i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

   ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

   iii. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   iv. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   v. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

   vi. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

   vii. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from

the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED January 24, 2022.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff Jenna'v Rodriquez declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

_____
Jenna'v Rodriquez